IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**DANNY GONZALES,**

    **Plaintiff,**

vs.                                            Case No. 4:05cv487-WS/WCS

**JAMES McCLENDON, et al.,**

    **Defendants.**

    _____/


## O R D E R

    Plaintiff, an inmate proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, which was reviewed and, because it was found sufficient to state a claim, Plaintiff was ordered to submit service copies of the complaint.  Docs. 5, 9.  Instead, Plaintiff has chosen to file an amended complaint.  Doc. 10.  Plaintiff's amended complaint is not sufficient to state a claim and is not in compliance with Fed. R. Civ. P. 8, which requires a short and plain statement of the claim showing that the pleader is entitled to relief.  Furthermore, Plaintiff has not provided any allegations showing how or why the newly added Defendant, the Detention Facility, is named in this case.  Additionally, Plaintiff has attached documents to the complaint which are

unnecessary and should not be filed at this time. Plaintiff will be required to submit a second amended complaint, clearly labeled as such, which complies with this order.

Plaintiff is advised that the Leon County Detention Facility is not an appropriate Defendant. The Detention Facility (Jail) is not "an actionable legal entity because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office." <u>Mayes v. Elrod</u>, 470 F.Supp. 1188, 1192 (N.D. Ill. 1979). Under Florida law, Sheriffs of their respective counties are subject to suit under 42 U.S.C. § 1983. <u>Ortega v. Schramm</u>, 922 F.2d 684, 694 (11th Cir. 1991). However, because Florida law does not recognize a jail as a legal entity separate and apart from the Sheriff charged with its operation and control, Plaintiff must omit any claims against the Leon County Detention Facility. <u>Avant v. Rice</u>, No. 91-748-CIV-T-17A, 1992 WL 359633, at *6 (M.D. Fla., Nov. 19, 1992).

Furthermore, Plaintiff must use the complaint form and must answer all questions on the form. Plaintiff shall attach to his complaint the relevant grievances showing he exhausted administrative remedies. Plaintiff should not provide copies of medical illustrations and the like. Those may be appropriate at a later time, but they are not needed with a complaint.

Plaintiff's allegations are difficult to read. In submitting the second amended complaint, Plaintiff shall carefully print his allegations so that his handwriting is legible. Plaintiff shall state his claims in clear and direct statements of what happened to him, when, where, and by whom.

In amending, Plaintiff should present his allegations in a second amended complaint, clearly titled as such. Plaintiff must name as Defendants only those persons

who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and in the other appropriate sections of the form. Further, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation. In civil rights cases, more than conclusory and vague allegations are required to state a cause of action. *See*, Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Therefore, if Plaintiff cannot state exactly how a particular Defendant harmed him, Plaintiff should delete or drop that person as a Defendant from the complaint. In presenting the claims, Plaintiff must set forth each allegation in a separately numbered paragraph, as it is essential that the facts relating to each Defendant be set out clearly and in detail.

Plaintiff's second amended complaint must contain all of Plaintiff's allegations and should not in any way refer to previous versions of the complaint. Plaintiff should file the second amended complaint containing his original signature with the Court and keep an identical copy for himself. Plaintiff need not file service copies until instructed to do so by the Court.

Alternatively, Plaintiff may file a notice indicating he wishes to withdrawn the amended complaint and proceed on the complaint he initially filed with the Court, doc. 1. If that is Plaintiff's desire, Plaintiff shall simultaneously submit an *identical* copy of that document just as he filed it with the Court in December, 2005, and the Court will proceed to direct service on Plaintiff's behalf.

Case 4:05-cv-00487-WS-WCS   Document 11   Filed 02/14/06   Page 4 of 4

Page 4 of 4

Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to forward to Plaintiff a § 1983 complaint form so that Plaintiff can file a second amended complaint if he desires to once again amend his complaint.

2. Plaintiff shall have until **March 17, 2006**, to file the second amended civil rights complaint, which shall be typed or clearly written and submitted on court forms.

3. Alternatively, if Plaintiff desires to proceed in this case on the initial complaint, doc. 1, Plaintiff shall have until **March 17, 2006**, to provide the Court with one (1) identical copy of his complaint, doc. 1, for service on the Defendant and a notice indicating his desire to proceed with the initial complaint.

4. **Failure to comply with this order by either submitting a service copy or a second amended complaint may result in a recommendation of the dismissal of this action.**

5. The Clerk of Court shall return this file to the undersigned upon Plaintiff's compliance with this order, or no later than March 17, 2006.

**DONE AND ORDERED** on February 14, 2006.

> s/    William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

Case No. 4:05cv487-WS/WCS